# WHEELING.

## QUARRIER *v.* B. & O. R. R. Co.

### Submitted August 19, 1880—Decided October 28, 1882.

#### (*SNYDER, JUDGE, Absent.)

1. The principles in *P., W. & Ky. R. R. Co.* v. *B. & O. R. R. Co.*, 17 W. Va. 812, and *Henen* v. *B. & O. R. R. Co.*, *Id.* 881, as to removal of case, by B. & O. R. R. Co. to circuit court of the United States, again declared. (p. 427.)

2. A circuit court does not err in refusing to remove a cause to the circuit court of the United States, where no bond is filed other than an incomplete one having no penalty named therein. (p. 427.)

3. When a married woman brings an action for loss of her own property, and it does not appear upon the face of the declaration, that she is a married woman, the question of her right to maintain the action can only be raised by plea, and not by motion to exclude the evidence. (p. 428.)

4. A case in which it is decided, that on demurrer to evidence judgment was properly rendered for plaintiff. (p. 428.)

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 14th day of January, 1880, in an action in said court therein pending, wherein Mary D. Quarrier was plaintiff and the Baltimore and Ohio Railroad Company was defendant, allowed upon the petition of the said company.

Hon. Gibson L. Cranmer, judge of the municipal court of Wheeling, rendered the judgment complained of.

The facts of the case appear in the opinion of the Court.

*Case submitted before Judge S. took his seat on the Bench.

*Daniel Lamb* and *Henry M. Russell* for plaintiff in error.

*Caldwell & Caldwell* for defendant in error.

The Baltimore and Ohio Railroad Company is a resident corporation of West Virginia.  *B. & O. R. R. Co.* v. *Gallahue*, 12 Gratt. 655; *Goshorn* v. *Supervisors*, 1 W. Va. R. 308; *Supervisors Marshall Co.* v. *B. & O. R. R. Co.*, 3 W. Va. R. 319; *State* v. *B. & O. R. R. Co.*, 15 W. Va. 362; *Mahany* v. *Kephart*, 15 W. Va. R. 609; *B. & O. R. R. Co.* v. *Wightman*, 29 Gratt. 431.

Defendant in error being a married woman had a right to sue at law.  *Stockton* v. *Farley*, 10 W. Va. R. 178; *Duress* v. *Horneffer*, 15 Wis. 195; *Faddish* v. *Woollomes*, 10 Kans. 89; *Jones* v. *Jones*, 19 Iowa, 236 & 243; *Kramer* v. *Conger*, 16 Iowa 437, 438; *Radford* v. *Carwile*, 13 W. Va. 660.

JOHNSON, PRESIDENT, announced the opinion of the Court:

The plaintiff brought her suit in trespass on the case on the 10th day of June, 1879, in the municipal court of Wheeling against the defendant, claiming six hundred dollars for the loss of certain clothing described in the declaration.  She claimed, that the clothing was shipped from Deer Park hotel, which was owned and kept by defendant, over the defendant's road, to her home in Wheeling, and lost by said defendant.  The declaration was in the usual form.  The defendant demurred to the declaration and each count thereof, assigning no grounds of demurrer; and the court seeing none overruled said demurrer and defendant entered a plea of not guilty.  At the same term the defendant filed its petition praying a removal of the case to the circuit court of the United States; but the bond filed with the paper was informal and deficient having no penalty named therein.  This defect however was not noticed at the time.  The court refused to enter an order to remove the case; and the defendant excepted.

The defendant also demurred to the declaration, which demurrer was overrruled by the court.  On the 23d day of December, 1879, the case was tried before a jury; and after the jury had heard the evidence, the defendant demurred thereto, in which demurrer the plaintiff joined; and subject

to the demurrer to the evidence the jury rendered a verdict in favor of the plaintiff for five hundred and eighty-four dollars and ninety-seven cents principal and interest.

On the 14th day of January, 1880, the court having maturely considered the demurrer to evidence decided in favor of the plaintiff and entered a judgment for the said amount of five hundred and eighty-four dollars and ninety-seven cents damages, as assessed by the jury, with interest thereon *from the 23d day of December,* 1879.

To this judgment a writ of error and *supersedeas* was granted.

The evidence, which is all certified, shows, that the plaintiff was a married woman, the wife of Hullihen Quarrier, and was living with her husband; that the goods lost consisted of her own personal wearing apparel; that at the time of her loss she was boarding at Deer Park hotel, which hotel was at the time owned and kept by the defendant; that the loss occurred in August, 1874; that she was, while boarding at the hotel in the habit every week of sending by the defendant's road to her home in Wheeling to her laundress a basket containing her clothing, for the purpose of having them laundried; that on the 24th of August of that year she gave her basket of clothing as usual to the porter to have it sent to Wheeling; that she sent to the office on that day, as she had been doing, for a tag to mark it, and received the tag, and put it on the basket marked, locked the basket and put it in the hands of one of the porters of the hotel, who had always taken it from her, and saw him take it out of the room; that she saw the basket put on the wagon, which was used for the purpose of carrying packages for the guests of the hotel; that her packages were sent off on this wagon and brought back on it; that she never saw the basket afterwards. She proved the contents of the basket and testified, that they were worth the amount found by the jury. The basket was directed to H. Quarrier, Wheeling, W. Va. She says that she tried to take the testimony of the porter, whose name was King, and who took the basket away; but "they got him away." On cross-examination she said, that the tag sent her from the office, which she put on the basket, had on it, "B. & O. R. R. Co., Deer Park Hotel," and was the same

kind they had given her on other occasions, when she had
sent the basket to Wheeling. She got the basket ready and
saw it start in time to catch the train west. After it had
gone, she met the Porter, who said: "I got your basket off
all safe Mrs. Quarrier." No objection was made to the last
answer. She sent the basket to Wheeling every week she
was at Deer Park that summer, and also every week she was
there the summer before.

Another witness, Thomas Dickson, an employee of the de-
fendant at Wheeling, testified, that Mr. Quarrier enquired
for the basket; and he had heard that a basket was lost. It
was his duty to deliver such package; if it had been received
he would have delivered it.

Henry R. Brown was a drayman in Wheeling. He went
to the Baltimore and Ohio railroad depot to receive a basket
for Mr. Quarrier, but did not find it. He had on former
occasions handled the basket more than once. He went a
number of times for the basket at Mr. Quarrier's request but
could not get it.

This was substantially all the evidence in the case. The
defendant moved to exclude the entire testimony of Mary D.
Quarrier, which motion was overruled; and defendant ex-
cepted. Defendant thereupon moved the court to exclude
all testimony of the said Mary D. Quarrier, the plaintiff, which
referred to the value of the contents of the basket alleged to
be lost. The court overruled the motion; and defendant
again excepted.

The first error assigned is the refusal of the court on peti-
tion of defendant to remove the case to the circuit court of
the United States. This was not error for the reasons as-
signed in *P., W. & Ky. R. R. Co.* v. *B. & O. R. R. Co.*, 17
W. Va. 812 and *Henen v. Same, Id.* 881.

Even had the case under the law been removable, the
court did not err in refusing the prayer of the petition; be-
cause no bond as required by law was filed, the paper filed
as a bond, being incomplete having no penalty named there-
in.

The next error assigned is the overruling of the demurrer
to the declaration and each count thereof. No ground of de-
murrer was assigned in the court below, and none is here

assigned, and this Court perceiving no objection to the declaration the demurrer was properly overruled.

It is also assigned as error, that the court refused to exclude the plaintiff's testimony, and also refused to strike out that portion thereof, which related to the value of the goods alleged to have been lost. This, counsel say in the assignment of error is intended to raise the question, whether in a case like this a married woman can maintain a suit at law to recover the value of her own property, lost by the defendant. If any doubt existed as to the right of Mrs. Quarrier to maintain this action, the question of her right to sue could not be raised, by a motion to exclude her evidence, in which it appears that she is a married woman. Such a question could only have been raised by plea. 1 Chitty Pl. 465 and cases cited.

The last assignment of error is, that the court gave judgment, on the demurrrer in favor of the plaintiff. It appears from the evidence, that the basket of clothing was delivered to a servant of the defendant to be shipped over its road to Wheeling; that this servant was the same person who had repeatedly shipped it for her, and who said on this occasion, that he had shipped it for her; that neither she nor any one for her ever received it; and that its contents were worth all she recovered in the judgment. According to the principles decided in *Fowler* v. *B. & O. R. R. Co.*, 18 W. Va., and *McGraw* v. *same, Id.*, and other cases decided by this Court on the same subject, the judgment in this case was warranted by the evidence. The court erred in giving interest from the date of verdict instead of from date of judgment; but, as it only amounts to a few dollars, the judgment will not be reversed for that reason, but, in that respect will be here corrected and affirmed with costs and thirty dollars damages according to law.

JUDGES GREEN AND HAYMOND CONCURRED.

JUDGMENT AFFIRMED.